UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEREMY HUFFMAN, SR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-169-JD-MGG |
| ST. JOSEPH COUNTY JAIL, et al., | |
| Defendants. | |

ORDER

Jeremy Huffman, a prisoner without a lawyer, filed a second motion seeking appointment of counsel. ECF 14. "[T]here is no constitutional or statutory right to court-appointed counsel in federal civil litigation . . . " *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). However, in some circumstances, the court may ask an attorney to volunteer to represent indigent parties.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654.

In his motion, Huffman mentions that he has made repeated efforts to obtain an attorney, but he has been unable to obtain representation on his own. ECF 14 at 4. He states that the attorneys he has contacted have either refused to represent him or have not responded to his letters. *Id*. However, when Huffman requests counsel to represent him, he needs to include a copy of this court's screening order (ECF 16) granting him

leave to proceed. He thus has not demonstrated that he made a reasonable attempt to obtain counsel on his own. "If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any [such requests] outright." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); s*ee also Pruitt,* 503 F.3d at 654, *Romanelli v. Suliene*, 615 F.3d 847 (7th Cir. 2010), and *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013). Therefore, the request for counsel will be denied with leave to re-file after Huffman has sent a copy of this court's screening order (ECF 16) to ten attorneys along with a letter requesting that they represent him. There may be attorneys willing to take his case to fulfill *pro bono* requirements with a law firm or bar association, to gain federal court experience, or simply because they have an interest in the legal issues raised. After waiting a reasonable length of time for responses, if he then asks the court to attempt to recruit a lawyer to represent him for free, he must attach whatever responses he has received. In addition, he needs to explain why he believes this case is difficult and why he is not competent to litigate it himself. He needs to detail his education and litigation experience. Until then, Huffman will continue to proceed with this case *pro se.*

For these reasons, the court DENIES the request for counsel (ECF 14) and DIRECTS the clerk to send Jeremy Huffman, Sr., ten (10) copies of the screening order (ECF 16).

SO ORDERED on December 22, 2020

                                                     s/ Michael G. Gotsch, Sr.
                                                   Michael G. Gotsch, Sr.
                                                   United States Magistrate Judge