UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEREMY HUFFMAN, SR.,

    Plaintiff,

    v.      CAUSE NO. 3:19-CV-169-JD-MGG

CHRISTOPHER HALL, et al.,

    Defendants.

## STATUS REPORT ORDER

Pursuant to Federal Rule of Civil Procedure 26(f)(1) and 26(a)(1)(B)(iv), this case is exempt from exchanging initial disclosures and from filing a Report of the Parties' Planning Meeting. Nevertheless, pursuant to Fed. R. Civ. P. 16(b)(1) and Northern District of Indiana Local Rule 16-1(c), the court must issue a scheduling order. Therefore, pursuant to Northern District of Indiana Local Rule 16-1(b), defense counsel and the unrepresented plaintiff must separately prepare and file brief status reports (not exceeding three pages unless greater length is unavoidable) which address:

    1. what deadline should be set for joining parties and amending the pleadings;
    2. what discovery is planned;
    3. what deadline should be set for completing discovery; and
    4. what deadline should be set for filing dispositive motions.

However, before issuing a scheduling order, the court must promptly address the affirmative defense (ECF 25 at 4) that the plaintiff did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). The Seventh Circuit has explained "that exhaustion is…a preliminary issue for the court." *Wagoner v. Lemmon*, 778 F.3d 586, 592

(7th Cir. 2015). Therefore, the court will set a deadline to file a summary judgment motion addressing the exhaustion of administrative remedies. After resolving the question of exhaustion of administrative remedies, the court will review the status reports and enter a scheduling order which may, pursuant to Fed. R. Civ. P. 16(b)(4), only be modified for good cause with leave of court.

Additionally, the defendants filed a motion to conduct limited discovery (ECF 27) and wish to serve three discovery requests (ECF 27-1, 27-2, and 27-3) on Jeremy Huffman, Sr., a prisoner without a lawyer, on the issue of exhaustion. They further wish to serve a discovery request on St. Joseph County Jail (ECF 27-4) which also addresses the exhaustion issue in this case. Good cause having been shown, the defendants' motion will be granted.

Huffman has also filed a motion to stay this case and for an extension of time to serve Nurse Lynn. ECF 30. However, a stay is not warranted because counsel executed a waiver of service of summons form on behalf of the defendants, including Nurse Lynn (ECF 26), and also filed a notice of appearance (ECF 24) on behalf of the defendants. Thus, Huffman's motion will be denied.

For these reasons, the court:

(1) GRANTS the defendants' motion to conduct limited discovery (ECF 27);

(2) DENIES the plaintiff's motion to stay this case and for an extension of time to serve Nurse Lynn (ECF 30);

(3) GRANTS the defendants until **July 16, 2021**, to file one joint summary judgment motion based on the exhaustion of administrative remedies;

3

(4) CAUTIONS the defendants this affirmative defense will be waived if it is not raised in a summary judgment motion by the deadline;

(5) REMINDS the defendants Local Rule 56-1 requires, "A party seeking summary judgment against an unrepresented party must serve that party with the notice contained in Appendix C;" and

(6) ORDERS defense counsel and the unrepresented plaintiff to separately prepare and file brief status reports by **July 16, 2020**;

SO ORDERED this May 6, 2021.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
