UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEREMY HUFFMAN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:19-cv-169 |
| ) | |
| HEAD NURSE LYNN, et al ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REFUSAL OF SERVICE AND MOTION FOR WARNING TO DISMISS

Defendants, Head Nurse Lynn, Nurse Jason, Dr. Tieman and Dr. Hall (hereinafter collectively "Defendants"), by counsel, notify the Court of inability to serve its Motion to Compel, and move for warning to dismiss, as follows:

1. On September 15, 2021, Plaintiff filed a notice of change of address (ECF 54), stating that, beginning on September 29, 2021, his address was:

   PACT Bradley Center
   132 E. 6th St.
   Michigan City, IN 46360

2. On November 29, 2021, A Notice of Change of Address was entered for the same address. (ECF 61).

3. On November 29, 2021, Defendants filed a Motion to Compel for Plaintiff's failure to timely respond to their discovery requests. (ECF 63).

4. Defendants attempted to serve their Motion to Compel, with exhibits, at the aforementioned address.

5. The same was received back by defense counsel, stating the Plaintiff "Does not Live Here" and "Return to Sender." See Exhibit "A".

6. Following receipt of the returned Motion to Compel package as undeliverable, defense counsel received a green card noting the same had been delivered. Online tracking at www.usps.com inaccurately notes the item was delivered on December 3, 2021, although this cannot be possible, as defense counsel received the package back as undeliverable as discussed above.

7. Defendants are unable to serve Plaintiff with its Motion, as Plaintiff has failed to update this Court with his current address.

8. In his Prisoner Complaint, Plaintiff declared, under penalty of perjury, he would "promptly notify the court of any change of address." (ECF 6).

9. Counsel for Defendants were previously able to successfully serve Plaintiff at this address. See ECF 63.

10. It appears Plaintiff has since moved and has failed to timely inform the Court of the same.

11. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626-629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. *Id.* at 629-30.

12. Federal Rule of Civil Procedure 41(b), provides:

    Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

13. The Court may dismiss a plaintiff's claim pursuant to Rule 41 and it may enter the dismissal with prejudice. *Lucien v. Breweur,* 9 F.3d 26, 28 (7th Cir. 1993); *accord, James v.*

*McDonald's Corp.*, 417 F.3d 672, 681 (7th Cit. 2005) (under Rule 41(b) a "district court has the authority…to [dismiss a case] for lack of prosecution.").

14. The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal:

    the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents.

    *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

15. In this case, the factors weigh in favor of dismissal. First, although deadlines have not been set, it is not possible for the Court or Defendants to provide notice of any pleadings, discovery, or other documents to the Plaintiff. Second, it is Plaintiff's duty to keep the Court informed of his current whereabouts. He does not have an attorney to attribute any mistakes. Third, Defendants will be prejudiced by Plaintiff's failure, as Defendants have no way to conduct discovery as it pertains to Plaintiff. Finally, dismissal of this case will not adversely affect the social objectives of litigation. Indeed, litigation requires action on the part of both parties, and Defendants' continued inability to discover facts and information in this case leaves this case dormant.

16. As to the factor regarding the merit of the suit, Defendants assert Plaintiff is unlikely to prevail. First, Plaintiff's Prisoner Complaint is untimely, and Defendants anticipate filing a Motion for Summary Judgment on that issue. Second, Plaintiff alleges Defendants failed to properly care for and treat an elbow wound during his incarceration at St. Joseph County Jail. Plaintiff's medical records, however, indicate jail nursing staff consistently rendered

treatment and/or transferred him for emergency medical services as necessary. Further, Defendants intend to amend their Answer to assert a non-party defense.

17. "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Tylicki v. Ryan,* 244 F.R.D. 146, 147 (N.D. N.Y. 2006) (quotation marks and citation omitted).

18. Plaintiff has abandoned this case for failing to provide this Court with a current address.

19. The Seventh Circuit has determined the Court must give an explicit warning before a case is dismissed for failure to prosecute. *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993).

20. Defendants respectfully request the Court give Plaintiff an explicit warning of dismissal with prejudice for failure to prosecute pursuant to Fed. R. Civ. Pro. 41(B), in addition to giving Plaintiff a deadline to respond to Defendants' written discovery requests as discussed in ECF 63.

WHEREFORE, Defendants, by counsel, respectfully provide notice of Defendants' efforts and failure to serve their Motion to Compel, move for an explicit warning of dismissal with prejudice for failure to prosecute, and for all other just and proper relief.

Respectfully Submitted,

*/s/ Amanda M Jordan*

Georgianne M. Walker (23182-71)
Amanda M. Jordan (32129-71)
Attorneys for Defendants
**MAY • OBERFELL • LORBER**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN 46545
Telephone: (574) 243-4100
Facsimile: (574) 232-9789
gwalker@maylorber.com
ajordan@maylorber.com

4

## **CERTIFICATE OF SERVICE**

      I certify that service of the above document was made on December 13, 2021 by U.S. certified mail, return receipt requested, postage affixed upon the following:

LEGAL MAIL FOR:
Jeremy Huffman, Sr., 16508-027
PACT Bradley Center
132 E. 6th St.
Michigan City, IN 46360
Certified Mail # 7021 0950 0001 0673 0274
Return Receipt Requested

                                                    Amanda Jordan (32129-71)